Pennsylvania Tavern Association and P.U.B.L.-I.C., an unincorporated association, by Robert E. Weaver, Vince ReDavid, Robert P. Latchaw, Barney Jardin, Fred Stair, Martin T. Schober, Paul Harding, William Latchaw, William Stafford, Horace Rost, Jr. and James K. Cavanaugh, Trustees Ad Litem, Plaintiffs, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant.

Argued June 3, 1975, before Prsident Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John H. Bream,* for plaintiffs.

*Sidney A. Simon,* Special Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE MENCER, August 14, 1975:

From the very sparse record in this case, it can be gleaned that, on May 8, 1972, the Pennsylvania Liquor Control Board (Board) issued three identical citations against three Lancaster County beer distributors: Elemar,

Inc., Garrett Hill Beverage Co., Inc., and Railsplitter, Inc., all trading as Thrifty Beverage. Each was charged with having "permitted a person who has an interest in another Distributor or Importing Distributor License to have an interest in your licensed business."[1]

On August 25, 1972, the Board suspended all three licenses for a period of twenty-one days or until such time as all of the illegal interests had been divested. The licensees appealed to the Court of Common Pleas of Lancaster County, which sustained the suspensions. A subsequent appeal to this Court was withdrawn.

On November 14, 1974, the Pennsylvania Tavern Association and P.U.B.L.I.C., an unincorporated association, by eleven individual licensees of the Board, (plaintiffs) brought this collateral action in mandamus in the Court of Common Pleas of Dauphin County to compel the Board to enforce the original court-approved orders and penalties. It was stipulated of record that, on January 15, 1975, the Board, on petition of the licensees, took action to vacate the suspension of their licenses and to modify the penalty to a fine of $1,000 in each case.[2]

The Board filed only two preliminary objections to the complaint. Because of the first preliminary objection which concerned the jurisdiction of the Court of Common

---

1. See Section 438(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4—438(b), which provides that "[n]o person shall possess or be issued more than one distributor's or importing distributor's license," and Section 436(f), 47 P.S. §4—436(f), which requires that application for distributors' licenses contain or have attached thereto the statement that "applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein *during the continuance of the license. . . .*" (Emphasis added.)

2. This action by the Board was directly contrary to the order of the Court of Common Pleas of Lancaster County and to the prayer of the complaint in mandamus now being considered by this Court.

Pleas of Dauphin County, the case was properly transferred to this Court.

The plaintiffs then made a "Motion for Stay Order," allegedly for the purpose of preventing the Board from disposing of the matter of the penalties by administrative action. At the hearing before Judge ROGERS, counsel accepted the Court's opinion that such a motion was incorrect under the Pennsylvania Rules of Civil Procedure and that, instead, the matter should be considered as a motion for peremptory judgment under Rule 1098. Judge ROGERS then denied the motion for peremptory judgment. The matter is now before us on the second preliminary objection to the complaint. We find it to be without merit.

The second and only remaining preliminary objection states in full: "Plaintiffs are not parties to any pending action before the Pennsylvania Liquor Control Board, in which mandamus is sought." Although we were at first uncertain as to what the Board meant by this allegation, we were somewhat enlightened by the Board's brief where counsel stated: "The mandamus action brought in the instant case is, in effect, *an appeal* from the exercise of discretion by the Board as to the penalties to be imposed, brought by non-parties to the citation on which such penalties were imposed, to compel the imposition of a particular penalty." (Emphasis added.)

Additionally, the original appeal by the licensees to the Court of Common Pleas of Lancaster County was properly brought under Section 471 of the Liquor Code, 47 P.S. §4—471 (Supp. 1975-76), which provides in part: "In the event *the person who was fined or whose license was suspended or revoked* by the board shall feel aggrieved by the action of the board, he shall have the right to appeal. . . ." (Emphasis added.)

We conclude that in essence the Board is attempting to raise the standing of the plaintiffs *to appeal* under Section 471. Unfortunately for the Board, it is improper to raise the question of *standing to appeal* by preliminary

objections filed under the provisions of Rule 1017 (b) of the Pennsylvania Rules of Civil Procedure.[3]

Additionally, the plaintiffs are not proceeding under Section 471 of the Liquor Code but have filed a mandamus action in accord with provisions of the Act of June 8, 1893, P. L. 345, *as amended,* 12 P.S. §1911 et seq., and the corresponding Rules of Civil Procedure, Pa. R.C.P. Nos. 1091-99.[4] The preliminary objection in question here which attempts to raise an objection to appeal proceedings under Section 471 of the Liquor Code does not meet any issues that may be properly raised under Rule 1017 (b) in a Mandamus Act proceeding.

Further, even if we assume that the Board *intended to raise* the question of the plaintiffs' lack of capacity to sue in mandamus in this Court, we must conclude that it did not succeed because of the vagueness of the objection filed. Its wording is confusing at best and incomprehensible upon careful analysis. It is of no significance that the plaintiffs here "are not parties to any pending action before the Pennsylvania Liquor Control Board," and the

---

3. Rule 1017 (b) reads as follows:

"(b) Preliminary objections are available to any party and are limited to

(1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3) a motion for a more specific pleading;

(4) a demurrer, which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim; and

(5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action."

4. For an analysis of the relationship between the Act of June 8, 1893, P.L. 345, *as amended,* and Rules of Civil Procedure, see *Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A. 2d 238 (1968).

further words in the objection, "in which mandamus is sought," if read literally, would refer to "pending action before the Pennsylvania Liquor Control Board."

We should not have to guess at what the Board intended to do nor should we merely assume that it has accomplished the logical result, namely, a challenge to plaintiffs' capacity to sue, where it has worded its preliminary objection in such a vague and baffling manner. We therefore issue the following

ORDER

AND NOW, this 14th day of August, 1975, the preliminary objections of the Pennsylvania Liquor Control Board to the complaint filed by plaintiffs are overruled, and the Board is granted twenty (20) days from the date of this order to file an answer to the complaint.